UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE LEBLANC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>B. DUFFY, et al.,<br><br>　　　　Defendants. | No.  2:16-cv-02730 DB<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Before the court are plaintiff's motion to in forma paurperis (ECF Nos. 2) and motion for temporary restraining order (TRO) (ECF No. 5).  For the reasons set forth below, the court denies the motion to proceed in forma paurperis and recommends that a district court judge deny the motion for TRO.

As this court issues findings and recommendations below, the undersigned orders the Clerk's Office to assign a United States District Judge to this case.

**I.** **<u>Motion to Proceed In Forma Pauperis</u>**

Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Title 28 U.S.C. § 1915(g) reads:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

1

> in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court has reviewed relevant court records and has determined the following actions, all filed in the United States District Court for the Central District of California amount to "strikes" under 28 U.S.C. § 1915(g):

1. LeBlanc v. Asuncion, 2:16-cv-4280 JLS AFM:  plaintiff denied permission to proceed in forma pauperis and case dismissed as frivolous on June 24, 2016.

2. LeBlanc v. Asuncion, 2:16-cv-4725 JLS AFM:  plaintiff denied permission to proceed in forma pauperis and case dismissed on July 8, 2016 for, among other things, failure to state a claim upon which relief can be granted.

3. LeBlanc v. Asuncion, 2:16-cv-7434 JLS AFM:  plaintiff denied permission to proceed in forma pauperis and case dismissed on October 12, 2016 for, among other things, failure to state a claim upon which relief can be granted.[1]

The claims presented by plaintiff in his complaint do not suggest "imminent danger of serious physical injury." While the claims presented in this case concern alleged acts of excessive force, there is no indication of ongoing threats to plaintiff from these defendants. (See ECF No. 1.) Specifically, plaintiff's complaint concerns an incident that occurred in April of 2016, during which plaintiff claims that the three named defendants forcibly removed him from his cell when he refused to give handcuffs to a correctional officer. (Id. at 3-4.) According to plaintiff, the correctional officers used excessive force in removing him from the cell to recover the handcuffs and assaulted him. (Id.) The complaint does not suggest "imminent danger of serious physical injury."

In addition to the complaint, plaintiff filed a motion for TRO, which is addressed below. While the motion for TRO presents allegations of retaliation against plaintiff by various individuals at the correctional facility, it does not allege that plaintiff is in "imminent danger of

---

[1] On December 22, 2016, in Central District Case LeBlanc v. Asuncion, 2:16-cv-7522 JLS AFM, plaintiff was found to have "struck out" under 28 U.S.C. § 1915(g) based upon the three cases identified above. Judgement is not yet final in that case.

1 serious physical injury" stemming from the claims in this complaint. (ECF No. 5.) The TRO
2 motion seeks injunctive relief against non-parties to this action for purportedly retaliating against
3 plaintiff. As discussed in the analysis below, the TRO motion concerns individuals who the court
4 does not have jurisdiction over and relates to matters outside the incident at the center of this
5 case.

6 In light of these facts, plaintiff's motion to proceed in forma pauperis must be denied.
7 Plaintiff will be granted 21 days within which to submit the $400 filing fee for this action.
8 Plaintiff's failure to comply with this order will result in a recommendation that this action be
9 dismissed.

10 **II.    Motion for Temporary Restraining Order**

11 After he filed his complaint and motion to proceed in forma pauperis, plaintiff filed a
12 motion for temporary restraining order to enjoin the "California Health Care Facility" and its
13 employees from retaliatory conduct against him. (ECF No. 5.) Specifically, plaintiff asserts that
14 co-workers of the defendants in this action have and will continue to retaliate against him for the
15 filing of this lawsuit and several others. (Id.)

16 A temporary restraining order is an extraordinary measure of relief that a federal court
17 may impose without notice to the adverse party only if, in an affidavit or verified complaint, the
18 movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the
19 movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A).
20 Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary
21 restraining order shall be granted in the absence of actual notice to the affected party and/or
22 counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for
23 temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West
24 Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

25 A party requesting preliminary injunctive relief must show that "he is likely to succeed on
26 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
27 balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.
28 Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief

1  hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean
2  Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

3        Alternatively, under the so-called sliding scale approach, as long as the plaintiff
4  demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the
5  public interest, a preliminary injunction may issue so long as serious questions going to the merits
6  of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for
7  the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the
8  "serious questions" version of the sliding scale test for preliminary injunctions remains viable
9  after Winter).

10       The principal purpose of preliminary injunctive relief is to preserve the court's power to
11 render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.
12 Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is
13 that the relief awarded is only temporary and there will be a full hearing on the merits of the
14 claims raised in the injunction when the action is brought to trial.  The Ninth Circuit Court of
15 Appeals held that there must be a "sufficient nexus between the claims raised in a motion for
16 injunctive relief and the claims set forth in the underlying complaint itself."  Pacific Radiation
17 Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).  That relationship is
18 sufficient to support a preliminary injunction where the injunctive relief sought is "'of the same
19 character as that which may be granted finally.'"  Id. (quoting De Beers Consol. Mines v. United
20 States, 325 U.S. 212, 220 (1945)).  "Absent that relationship or nexus, the district court lacks
21 authority to grant the relief requested."  Id.

22       Plaintiff's motion for TRO seeks relief against non-parties to this action.  (ECF No. 5 at 2
23 ("[T]he immediate defendants I am filing [the TRO] against are not the same defendants in the
24 caption but co-workers of the defendants."), 11 (plaintiff's "relief requested" names several
25 correctional officers and CDCR employees, but none that are named as defendants in this
26 action).)  As explained above, motions for temporary restraining orders are just that: temporary.
27 Implicit within such relief is the presumption that there will be a full hearing on the merits of the
28 claim raised in the injunction when the action is brought to trial.  However, because plaintiff's

4

motion concerns individuals who are not parties to this action, there can be no full hearing on the merits of these claims when the case is brought to trial. Furthermore, as the individuals named in the TRO motion are not parties to this action, the court lacks jurisdiction over them. Accordingly, without jurisdiction, and without "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself[,]" the court cannot grant plaintiff's motion for injunctive relief. See Pacific Radiation Oncology, LLC, 810 F.3d at 636.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied and that the Clerk's Office assign a United States District Judge to this case. Plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee of $400. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Additionally, IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 5) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / lebl2730.tro.ifp

5